# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALVIN FAULKNER, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES MARSHAL SERVICE, <br><br> Respondent. | No. 3:20-cv-00035 (SRU) |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Alvin Faulkner ("Faulkner")—a *pro se* inmate currently confined at Western Correctional Institution in Cumberland, Maryland—mailed a three-page handwritten petition for writ of habeas corpus addressed to "Chief Judge U.S. District Court for the State of Connecticut."[1] A review of the docket reveals that Faulkner does not have a case in the District of Connecticut. Rather, his underlying criminal cases, as well as his appeals, have proceeded in the Circuit Courts of Maryland. In his petition, Faulkner appears to allege that the United States Marshal Service was somehow prevented by personnel at Brockbridge Correctional Facility in Jessup, Maryland from executing a "United States Pardon #3011897210, commuting [his] prison

---

[1] The petition was filed without either paying the standard filing fee or filing a complete application for leave to proceed in forma pauperis ("IFP").

term."[2]  *See* Pet. for Writ of Habeas Corpus at 2 (doc. no. 1).  Faulkner has filed a petition for writ of habeas corpus, on this very issue, in the United States District Court for the District of Maryland.  *See Faulkner v. Warden WCI,* 2019 WL 585709, at *1 (D. Md. Feb. 13, 2019).  That petition was found to be without merit by a U.S. District Judge in the District of Maryland.  For the reasons that follow, the instant petition is denied.

I.     **Standard of Review**

Federal district courts may grant a petition for writ of habeas corpus "within their respective jurisdiction."  28 U.S.C. § 2241(a).  Historically, this phrase was construed to mean that a district court had habeas jurisdiction only over prisoners physically housed within the district.  *See, e.g.*, *Aherns v. Clark*, 335 U.S. 188, 190–93 (1948).  The Supreme Court has interpreted that phrase to require "nothing more than that the court issuing the writ have jurisdiction over the custodian."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973).  *See also Torres v. Warden*, 2000 WL 306860, at *1 (D. Conn. Jan. 21, 2000) (noting that Connecticut retained jurisdiction over habeas action even though inmate currently confined out-of-state).  Thus, a habeas petition may be brought in the court with jurisdiction over the prisoner or his custodian.

II.    **Discussion**

As an initial matter, the court must determine whether it has jurisdiction to entertain Faulkner's claim in a petition filed pursuant to 28 U.S.C. § 2241.

---

[2] "[D]espite the fact that Faulkner claims to have received a federal pardon in October 2016, no federal pardons were issued in that month. *See* Pardons Granted by President Barack Obama (2009-2017), https://www.justice.gov/pardon/obama-pardons (noting that in the year 2016, the President issued pardons in January and December). Indeed, during President Obama's entire presidency, he did not grant a single pardon or commutation to anyone with the surname Faulkner. *See id.*; Commutations Granted by President Barack Obama (2009-2017), https://www.justice.gov/pardon/obama-commutations." *Faulkner v. Warden WCI*, 2019 WL 585709, at *2 (D. Md. Feb. 13, 2019).

A. Personal Jurisdiction

   1. *Proper Respondent*

Faulkner has cited the "United States Marshal Service" as the respondent for this habeas action. The Supreme Court has held that "there is generally only one proper respondent to a given prisoner's habeas petition . . . 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). In *Rumsfeld*, the Court clarified that the proper respondent in a habeas petition is the immediate custodian who exercises day-to-day control over the prisoner's physical custody. *Id*. at 427. "[T]he U.S. Marshal [does] not have 'day-to-day control' over [the prisoner] and, for the purposes of a habeas corpus petition, does not qualify as [the prisoner's] custodian." *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *see also Rheuark v. Wade*, 608 F.2d 304, 306 (8th Cir. 1979) (U.S. Marshal who transported petitioner from prison to appear as a witness in a civil case was not a custodian).

Here, the U.S. Marshals do not exercise day-to-day control over Faulkner's physical custody; as a result, the United States Marshal Service is not the proper respondent to this habeas action. The proper respondent is Faulkner's immediate custodian, namely the warden of the prison holding him. *Id*. at 435 (proper respondent is immediate custodian and district court may only entertain habeas petition if it has personal jurisdiction over respondent).

   2. *Custodian*

The "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973). A writ of habeas corpus must be directed to the "custodian" of a detainee. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause[,] shall be directed to the person having custody of the person detained."). The "custodian" of the detainee is the official in charge of the facility that has day-to-day control over

3

him and can "produce the actual body." *See Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); *see also Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986). That custodian, therefore, is the warden at the facility where the petitioner is confined, because a "prisoner . . . is under the control of a warden and confined in a prison, and . . . is seeking, in a habeas corpus action, to be released from precisely that form of confinement." *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976). This court does not have personal jurisdiction over the warden of Western Correctional Institution, because the warden of a facility in Maryland cannot be served with process (and therefore cannot be served with a writ of habeas corpus) in the state of Connecticut.

**III. Conclusion**

I have no authority to grant Faulkner's habeas petition. Accordingly, this case is dismissed. The Clerk shall enter judgment for the United States and close the case.

So ordered. Dated at Bridgeport, Connecticut, this 31st day of January 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge